## PETTIT v. SELIGMAN.

### (Supreme Court, Appellate Term. May 16, 1907.)

PLEADING—VERIFICATION.

Municipal Court Act, Laws 1902, p. 1535, c. 580, § 145, requires a verified answer to a verified complaint. Code Civ. Proc. § 523, provides that where a pleading is verified, each subsequent pleading, with certain exceptions, must be verified. *Held* that, where an answer filed to an amended complaint was verified prior to the date of the verification of the amended complaint, it could not be regarded as an answer thereto, and was properly disallowed.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Isabella M. Pettit against Solomon Seligman. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

I. L. Broadwin, for appellant.
William B. Dressler, for respondent.

PER CURIAM. The action is brought by the plaintiff to recover for rent. On October 15, 1906, defendant was served with a summons and complaint verified August 24, 1906. On the return day the defendant demurred to the plaintiff's complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was argued, and the court found in favor of the defendant, sustaining the demurrer. On November 8, 1906, plaintiff served on

the defendant's attorney his amended complaint, verified the same day, November 8, 1906. In due time defendant filed in open court his answer, containing a general denial and a separate defense, which answer was verified October 17, 1906. Subsequently plaintiff made a motion to strike out the verified answer so interposed, on the ground that the answer is not an answer to the amended complaint, for the reason that the answer was verified October 17, 1906, prior to the date of the verification of the amended complaint. The motion to strike out the answer was granted, and judgment entered on the pleadings "in default of the verified answer."

Section 145 of the Municipal Court act (Laws 1902, p. 1535, c. 580) requires a verified answer to a verified complaint. Section 523 of the Code of Civil Procedure provides that, where a pleading is verified, each subsequent pleading (with certain exceptions which do not apply to the question at issue here) must be verified; but it does not provide for any time when this verification shall be made. The defendant, at or before the time of demurring to the original complaint, apparently prepared also an answer to this complaint, so that, in the event of the original complaint being sustained, he would have his answer ready. Upon an examination of the amended complaint, the defendant apparently found that his answer to the original complaint was appropriate as an answer to the amended complaint, and when issue was to be joined on the 15th day of November the defendant filed in open court, as and for his answer to the amended complaint, the answer verified the 17th day of October, 1906, stating at that time that that was his answer to the amended complaint. The rules as to pleadings, when applied in the Municipal Court, are somewhat more lax than in higher courts, when the pleadings are oral; but the rules are as strictly applied when the pleadings are written. It seems to us that the answer submitted cannot be regarded as an answer to the amended complaint, and was properly disallowed by the court below, and that there was, therefore, a default on the part of the defendant. It purports to be an answer to a complaint which was stricken out of the case, and cannot be offered as an answer to an amended complaint which was not in existence at the time this answer was drawn and verified. If it could be regarded as a pleading subsequent to the amended complaint, it should have been reverified subsequent to such amended complaint.

The judgment should be affirmed, with costs.